IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARIAH JACOBS, a minor, by and | : | |
| through her parents and natural guardians, | : | |
| John and Tammy Jacobs, ET AL. | : | NO. 07-2715 |

### ORDER-MEMORANDUM

**AND NOW**, this 7th day of March, 2008, upon consideration of Plaintiff Allstate Insurance Company's unopposed Motion for Summary Judgment (Docket No. 15), **IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Judgment is hereby **ENTERED** in favor of Plaintiff and against Defendants.

3. Under the provisions of Plaintiff Allstate Insurance Company's Auto and Deluxe Homeowners Insurance policies, policy numbers 0559609850 and 030892056, Plaintiff has no duty to defend or indemnify Defendants John Jacobs and Tammy Jacobs against the claims that Defendant Pargol Jones has asserted against them in her counterclaim in Jacobs v. Jones, Civ. A. No. 06-3214 (E.D. Pa. filed July 20, 2006).

**I.   BACKGROUND**

This action arises out of an accident that occurred on July 21, 2004. On that day, Mariah Jacobs, a minor, and her parents, John and Tammy Jacobs, were visiting Philadelphia. At approximately 3:00 p.m., Mariah was crossing a street within a crosswalk in the area of 19th Street and the Benjamin Franklin Parkway when Pargol Jones, who was driving an automobile, struck

Mariah with her vehicle, knocked her down, and ran over her causing injuries. Mariah Jacobs, by and through her parents, John and Tammy Jacobs, and John and Tammy Jacobs, on their own behalf, filed a complaint (the "Underlying Complaint") in the Eastern District of Pennsylvania, Civ. A. No. 06-3214, against Pargol Jones for negligence. Pargol Jones filed a counterclaim against John and Tammy Jacobs asserting that they were negligent in failing to supervise their minor child while attempting to cross the intersection, and seeking indemnity and contribution from them for the claims brought by Mariah. As a result of the counterclaim, John and Tammy Jacobs requested a defense and indemnification under the auto and homeowners insurance policies they purchased from Allstate Insurance Company ("Allstate"). Allstate retained counsel to represent them subject to a reservation of rights. Allstate then brought this declaratory judgment action seeking a determination of its rights and responsibilities with regard to the policies and the counterclaim filed by Pargol Jones. Currently before us is Allstate's unopposed Motion for Summary Judgment.

## II.   LEGAL STANDARD

A court may grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes

demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Technologies, Inc., 78 F. Supp. 2d 402, 407 (E.D. Pa. 2000). Indeed, evidence introduced to defeat or support a motion for summary judgment must be capable of being admissible at trial. Callahan v. A.E.V., Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993)). The Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

Pursuant to Local Rule of Civil Procedure 7.1, a motion for summary judgment may not be granted as uncontested, but rather is governed by Federal Rule of Civil Procedure 56(c).

**III.   DISCUSSION**

    A.   The Auto Policy

The Auto Policy issued by Allstate to John and Tammy Jacobs, bearing policy number 055969850, (the "Auto Policy") contains the following pertinent provisions:

> "Insured" as used in this Part means: 1. You or any family member for the ownership, maintenance or use of any auto or trailer.
>
> Exclusions - B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>     1. Any vehicle, other than your covered auto, which is:
>         a. owned by you; or
>         b. furnished for your regular use.
>
>     2. Any vehicle, other than your covered auto, which is:
>         a. owned by any family member; or

        b. furnished for the regular use of any family member.

    However this exclusion (B.2) does not apply to your maintenance or use of any vehicle which is:
        a. owned by a family member, or
        b. furnished for the regular use of any family member. . . .

"Your covered auto" means:
    1. any vehicle shown in Declarations;
    2. a newly acquired auto;
    3. any trailer you own; and
    4. any auto or trailer not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
        a. breakdown;
        b. repair;
        c. servicing;
        d. loss; or
        e. destruction.

(Auto Policy at 3-4, Policy Endorsement at 1). As alleged in the Underlying Complaint, Mariah was injured while walking in a crosswalk in the area of 19th Street and the Benjamin Franklin Parkway. (Underlying Complaint, attached as Ex. C to Plaintiff's Motion, ¶¶ 4, 8, 11). Consequently, because the accident does not arise out of the ownership, maintenance, or use of any auto by John or Tammy Jacobs, or a member of their family, there is no coverage under the Auto Policy.

    B.    <u>The Homeowners Policy</u>

The Homeowners Policy issued by Allstate to the John and Tammy Jacobs, bearing policy number 030892056, contains the following pertinent provisions:

"Insured" means you and residents of your household who are: a. Your relatives, or
b. Other persons under the age of 21 and in the care of any person named above.

Coverage E - Personal Liability - If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will [provide a defense and pay up to our limit for the damages for which the insured is legally liable].

>  Exclusions – Coverage E – Personal Liability, does not apply to: . . .
>>  f. Bodily Injury to you or an insured within the meaning of part a. or b. of insured as defined.

(Homeowners Policy at 2, 20-21).  At the time of the accident, Mariah resided with her parents at 200 Laurel Avenue, Carrboro, North Carolina.  (Underlying Complaint ¶ 2).  Consequently, Mariah was an insured under the Homeowners Policy, but the terms of the personal liability exclusion preclude coverage for personal liability as a result of bodily injury to Mariah.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.